**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.: 2:26-CR-00379** |
| **V.** | **JUDGE JAMES D. CAIN, JR.** |
| **CHARLIE MILLER** | **MAGISTRATE JUDGE LEBLANC** |

# ORDER

Before the court is a *Motion for Psychiatric and Psychological Examination of Defendant* pursuant to 18 U.S.C. § 4241. Doc. 29.[1] Section 4241(a) requires a hearing to determine the mental competency of the defendant "*if there is reasonable cause to believe* the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a) (emphasis added). The instant motion posits only that defendant "has long received Supplemental Security Income (SSI) benefits for a mental disability," and so "[t]his disease or defect possibly renders [Defendant] mentally incompetent." Doc. 29, ¶ I. The motion does not identify the nature of Defendant's mental condition or otherwise make any specific allegations of fact that suggest Defendant cannot understand the nature of these proceedings or assist in his defense.

> Under § 4241, to establish reasonable cause to believe the defendant *may be* incompetent to stand trial, there must be grounds for the court to believe that he "*may be* presently so incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense." [*U.S. v.*] *McEachern,* 465 F.2d [833,] 837 [(5th Cir.), *cert denied*, 409 U.S. 1043 (1972)] (emphasis in original; tracking language of 18 U.S.C. § 4241). Thus, establishing a reasonable suspicion of incompetence for trial requires showing reason to suspect major mental disability, as opposed to minor neurosis or slight retardation. For example, a

[1] The motion actually provides it is pursuant to "Title 18 U.S.C. §§ 4242 (d) and 4242," but there is no section "4242 (d)" in Title 18 of the United States Code, and 18 U.S.C. § 4242 is applicable only in the event a defense of insanity has been properly raised, which does not appear to have occurred in this case. Accordingly, the court treats the current motion as being pursuant to 18 U.S.C. § 4241.

> defendant who claims he has sought psychiatric treatment for fear of heights would not necessarily be entitled to a mental examination on the issue of competence to stand trial. If the court is not convinced by the defendant's motion and supporting brief that there is reasonable cause to believe the defendant *may be* incompetent, but the court wishes to hear further evidence, the court may hold a hearing on the matter. *Id.,* 465 F.2d at 837.

*United States v. Williams*, 998 F.2d 258, 266 (5th Cir. 1993), *cert. denied*, 510 U.S. 1099 (1994).

Based on the conclusory nature of the motion,

**IT IS ORDERED** that a hearing shall be held on December 3, 2026, at 10:30 a.m., in Courtroom 3, Lake Charles, Louisiana, before the undersigned, at which time Defendant shall demonstrate with adequate factual specificity that "there is reasonable cause to believe" Defendant may be lacking in sufficient competency "to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

**IT IS FURTHER ORDERED** that, in light of the Order [Doc. 31] continuing trial in this matter, a Scheduling Conference will be held on December 3, 2026, in chambers immediately following conclusion of the foregoing hearing.

SO ORDERED at Lake Charles, Louisiana, this 18th day of November, 2026.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE